STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Sotos          }
Papaseraphim                    }
                                }   Docket No.  80-4-00 Vtec
                                }
                                }

DECISION and ORDER

Appellant Sotos Papaseraphim appealed from a decision of the Development Review Board (DRB) of the Town of Milton which granted Appellant= s application to replace two existing mobile homes with new mobile homes. Appellant seeks removal of three of the four conditions imposed by the DRB.

Appellant appeared and represented himself; the Town of Milton is represented by Gregg H. Wilson, Esq. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge. The parties were given the opportunity to submit written requests for findings and memoranda of law. Upon consideration of the evidence and the written memoranda and proposed findings, the Court finds and concludes as follows.

Appellant owns an approximately 4.5-acre parcel of land at the intersection of U.S. Route 7 and Middle Road, in the General Commercial/Service zoning district of the Town of Milton. The property contains a restaurant building and parking lot which was the subject of a former appeal in Environmental Court, Docket No. 99-5-98 Vtec, resulting in a decision and order of the Court dated February 18, 1999. The property also contains three preexisting mobile homes, identified as T1, T2 and T3, which are a nonconforming use in the district, governed by ' ' 510-516 of the Zoning Regulations.

Appellant proposes to replace two of the existing mobile homes, marked on the site plan as T1 and T3, with new mobile homes each of which measures 14' x 70'. Each of the existing and the proposed mobile homes has two bedrooms. Existing mobile home T1 is located at 13 Middle Road and measures 12' x 65'; existing mobile home T3 is located at 218 Route 7 South and measures 12' x 55'. Because residential uses are nonconforming uses in the district, and because the proposed replacement homes are somewhat larger than the existing mobile homes, the proposed replacement comes under the provisions of ' 512 of the Zoning Regulations. This is so even if the mobile homes would be replaced in the same locations, as they are larger in building footprint. At the zoning administrator= s suggestion, Appellant proposes to move mobile home T3 to meet setback requirements, so that a variance would not be required.

Appellant argues that other property owners have not been regulated under ' 512 when replacing mobile homes. This type of argument ordinarily comes up in an enforcement case, not an appeal of a permitting decision. Assuming that the argument can be applied in this appeal, a litigant making this argument must meet both parts of a two-part test. The litigant must show not only that the person, compared with others similarly situated, was selectively treated; but also that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person. In re Appeals of Letourneau, 168 Vt. 539, 549 (1998) (citations omitted). Appellant has not shown either part of this test. As to each of the examples he presented in Court, the zoning administrator= s testimony showed how the other landowners were differently situated, and Appellant has not shown that his treatment by the Town was based on impermissible considerations.

Section 512 allows the DRB to approve an expansion to a nonconforming use A under the requirements of Section 500 for conditional use approval.@ Section 512(4) requires that the expansion not create a nonconformity in relation to setbacks or lot coverage. In addition, the alteration of the mobile homes must comply with ' 570, which provides that no building or structure shall be altered A unless an appropriate sewage disposal system is provided@ in compliance with all applicable governmental regulations.

The septic systems serving existing mobile homes T1 and T3 were in place at the time Appellant acquired the property. Each home appears to be functioning adequately for a two-bedroom residence in that neither system has failed. No septic disposal permit is required under ' 570, second paragraph, as Appellant is not proposing any A installation, expansion, alteration, or restoration of a septic disposal system,@ for either of the mobile homes. However, the engineer who prepared the plans must certify the location of the existing septic systems (which were located on the original plans) and the septic tanks and lines serving the two mobile homes proposed to be replaced, which were not located on the original plans prepared by the engineers.

Appellant agrees that the plans should show the proposed lot coverage. The parties agree that the lot coverage meets the regulations.

The mobile homes are served by municipal water. The water lines serving the mobile homes are undersized, low-pressure pipe and would not be approved for a new water installation. They have broken twice in the year prior to the hearing. Because of the proximity of the septic systems to the water lines, the inadequacy of the water line materials poses a risk to the municipal water system, through contamination from the existing septic systems serving the mobile homes. The proposed condition requiring Appellant to obtain a water permit to connect the altered mobile homes to the municipal water system is authorized by ' ' 500.4 and 501 of the Zoning Regulations and ' ' 3(B)(1)(a)(4) and 3(B)(2) of the Water Ordinance (Exhibit 9).

Based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant= s request to replace the two old mobile homes at sites T1 and T3 with new mobile homes measuring 14' x 70', is granted, subject to the following conditions:

1. Appellant shall obtain a water permit for the municipal water service to the two replacement mobile homes, prior to the issuance of a Zoning Permit to install the replacement mobile homes.

2. Appellant shall provide revised plans to show the resulting lot coverage and to show the actual location of all components of the existing septic systems and proposed water supply lines serving the replacement mobile homes, prior to the issuance of a Zoning Permit to install the replacement mobile homes.

3. The condition imposed by the ZBA, requiring Appellant to provide written certification from a licensed professional engineer or certified site technician that the existing septic systems are adequate for the proposed replacement mobile homes is not required, as the replacement homes have the same number of bedrooms and the septic systems will not be altered. Therefore that condition is not imposed by the Court and Appellant= s request to eliminate that condition is granted.

4. The condition imposed by the ZBA, requiring Appellant to bring the property into compliance with the previously approved site plan dated April 1, 1997 (and with this Court= s order dated February 18, 1999 in Docket No. 99-5-98 Vtec) is understandable, given the Town= s desire to enforce those orders. However, the proposed condition is beyond the scope of the present application under ' 512 to replace the two mobile homes. If Appellant continues to resist aspects of the site plan and the Court= s order in Docket No. 99-5-98 Vtec, that will have to be dealt with by the Town in the context of enforcement in that case, not this one.

Dated at Barre, Vermont, this 24th day of May, 2001.


_____
Merideth Wright
Environmental Judge

---

**Footnotes**